1  Terry W. Bird - State Bar No. 49038
       twb@birdmarella.com
2  Mitchell A. Kamin - State Bar No. 202788
       mak@birdmarella.com
3  Ariel A. Neuman - State Bar No. 241594
       aan@birdmarella.com
4  BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
   DROOKS, LINCENBERG & RHOW, P.C.
5  1875 Century Park East, 23rd Floor
   Los Angeles, California 90067-2561
6  Telephone: (310) 201-2100
   Facsimile: (310) 201-2110
7
   Attorneys for Defendants Pacific Eurotex
8  Corp. and Morad Neman

9
                 **UNITED STATES DISTRICT COURT**
10
        **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**
11

12
   THE UNITED STATES OF                CASE NO. 14-CR-00521-JAK
13 AMERICA,
                                       **JOINT STATUS REPORT**
14           Plaintiff,                **REGARDING MOTIONS TO**
                                       **COMPEL DISCOVERY**
15       vs.

16 PACIFIC EUROTEX CORP.,
   et al,                              Assigned to Hon. John A. Kronstadt
17
             Defendants.
18

19        Pursuant to the Court's March 19, 2015 Order regarding Defendants' motions

20 to compel discovery (the "Motions"), the parties, by and through their respective

21 counsel of record, file this Joint Status Report summarizing all remaining discovery

22 disputes as to materials sought in the Motions.[1]

23       //

24       //

25

26

27 [1]  By signing this report, no party intends to waive or concede its prior positions

28 regarding discovery disputes in this matter.

3145693.1                                              14-CR-00521-JAK

                          JOINT STATUS REPORT

1        1.        Telephone Number and Subscriber Information Related to the Source

2   of Information ("SOI")

3        On March 20, 2015, the Government produced reports related to its efforts to

4   identify the SOI.  Included in the reports was the telephone number and subscriber

5   information associated with the SOI.  The Court's March 19 Order prohibits counsel

6   from calling the number or others thought to be associated with this number, or

7   disclosing the number to the Defendants.

8        **Defendants' Position**

9        Counsel respectfully submits that sharing the telephone number and

10   subscriber information with our clients is a critical step in investigating the identity

11   of the SOI.  Restricting the sharing of this information with the Defendants is an

12   inappropriate imposition on the defense given that the telephone number apparently

13   does not belong to the SOI.  As set forth in the relevant briefings, given the critical

14   role that the SOI will play in this matter, the defense should be given every

15   opportunity to investigate and identify this individual.  To the extent the Court

16   believes some further restrictions are appropriate, Defendants are amenable to an

17   order prohibiting the Defendants themselves from calling the number or others

18   associated with it (to the extent they do not otherwise already call the number for

19   some unrelated reason).  Counsel and counsel's representatives should be permitted

20   to call the number or others associated with it if counsel is able to form a good faith

21   belief that we have identified the SOI to a greater extent than reflected in the

22   Government's reports.

23        The defense will comply with its discovery obligations pursuant to Fed. R.

24   Crim. Proc. 16(b)(1).  There is no basis to impose further obligations on the

25   Defendants as the Government requests below.

26        **Government's Position**

27        The Government submits that it has concerns regarding the privacy interests

28   of the subscriber to the telephone number associated with the SOI because agents

1   have confirmed that that person is not the SOI.  Therefore, to the extent that the

2   defense wishes to discuss the SOI telephone number with the defendants the

3   Government requests that the defense be instructed not to share the subscriber

4   information with their clients.

5        The Government also requests that the Court order reciprocal discovery of

6   any information obtained about the SOI.

7        2.    Notes and Reports of All Agents Involved in the Investigation

8        The Government represents that it is not able to state categorically that there

9   are no additional reports or notes of agents involved in the underlying investigation

10  that have not been produced to Defendants.  The Government recently identified

11  some additional reports that it is currently reviewing and preparing for production.

12  The Government represents that it will continue to seek out and produce any such

13  material it identifies in the course of preparing for trial, consistent with the Court's

14  order and the Government's discovery obligations, including Rule 16, *Brady*,

15  *Giglio*, and the *Jencks* Act.

16  **Defendants' Position**

17       Defendants respectfully request that the Court impose a two-week deadline

18  for production of notes and reports which document investigation and interviews

19  which have been conducted by that time.  Defendants request that the Court order

20  that any items produced after the deadline be accompanied by a showing of good

21  cause for the delay, to the extent that the material produced reflects investigation

22  conducted prior to the two-week deadline.  Going forward, the Government should

23  be required to produce notes and reports within two weeks of any relevant

24  investigative activity leading up to trial to the extent that such notes and reports fall

25  within the Government's discovery obligations.

26       Defendants also respectfully request that the Court impose a deadline for the

27  Government to produce the additional materials it has already identified.  A one-

28  week deadline appears appropriate to the Defendants.

1    With respect to the typed reports of interviews previously produced by the

2 Government for which no accompanying notes have been produced, and the agent's

3 notes of interviews previously produced by the Government for which no

4 accompanying typed reports have been produced, Defendants propose that they

5 provide a list of all such materials to the Government by March 30, 2015, and that

6 the Government produce the companion notes or reports (or confirm they do not

7 exist) by April 7, 2015.

8    **Government's Position**

9    The Government again reiterates that it is complying with all its discovery

10 obligations.  The Government opposes Defendants' requests for time limitations on

11 the disclosure of reports and notes as there is no legal authority for such

12 requirement.  The Government maintains that these items constitute <u>Jencks</u> material

13 that is not discoverable until after the witness in question has testified and that it has

14 been supplying such items to the defense in a showing of good faith and to prevent

15 delays at trial.  Moreover, to the extent defendants are seeking notes and "reports,

16 memoranda, or other internal government documents made by an attorney for the

17 government or other government agent in connection with investigating or

18 prosecuting the case," such material is affirmatively excluded from discovery under

19 Rule 16(a)(2).  The Government does not believe it has any obligation to confirm

20 that notes or reports do or do not exist and, as stated above, proffers that it will

21 continue to comply with its discovery obligations, including Rule 16, *Brady*, and

22 *Giglio*, and will produce any additional materials in accordance with those

23 obligations.

24    3.    <u>Benefits to the Confidential Informant ("CI")</u>

25    **Joint Position**

26    Defendants have requested specific information concerning benefits offered

27 to the CI beyond the summary report previously produced by the Government and

28 the other documents which the Government has produced to date.  Defense counsel

1  have now submitted several specific questions to the Government regarding the

2  benefits provided to the CI in this case.  The Government will review these

3  questions and respond consistent with its discovery obligations.  To the extent the

4  parties are not able to resolve particular areas of inquiry within the next two weeks,

5  they will file an additional status report with the Court to advise of any remaining

6  issues.

7       4.    Toll Records

8  **Joint Position**

9      The Government has agreed to produce the toll records associated with the

10  pen register applications for the CI's telephone numbers of which the government is

11  aware, pursuant to a protective order.  Pending the parties' agreement on the form of

12  the protective order, the Court need not address this request at this time.

13       5.    Digital Devices from 607 N. Elm Drive

14  **Joint Position**

15      Defendants previously requested a report of the forensic exams done on

16  electronic devices seized during the search of 607 N. Elm Drive.  The Government

17  represents that it has not "seized" any items from the digital devices that were taken

18  from 607 N. Elm Drive.  The Government has confirmed with its agents that, apart

19  from the reports that were produced to Defendants on January 23, 2015, for the

20  phones and iPad taken from 607 N. Elm Drive, no other forensic examination

21  reports were generated for these digital devices.  The Court therefore need not

22  address this request any further.

23       6.    Reciprocal Discovery

24  **Government's Position**

25      The Government renews its request for reciprocal discovery, particularly as it

26  relates to interviews of potential government witnesses for which the government

27  has already supplied *Jencks* material, including, without limitation, witnesses Grace

28  Farias and Levy Moti, as well as documents and objects, reports of examinations

1  and tests, and summaries of the testimony of any proposed expert witnesses as

2  required under Rule 16(b)(1).

3        **Defendants' Position**

4        Rule 16(b)(1) imposes clear discovery obligations on the defense, and clearly

5  excludes certain information from discovery.  There is no provision which requires

6  disclosure of the material specifically identified by the Government above (i.e.,

7  memoranda regarding interviews of witnesses the Government may call during *its*

8  case-in-chief).  To the extent the defense identifies any material which falls within

9  the ambit of the rule, it will be produced to the Government.

10

11  DATED:  March 24, 2015        Terry W. Bird
                                  Mitchell A. Kamin
12                                Ariel A. Neuman
13                                Bird, Marella, Boxer, Wolpert, Nessim,
                                  Drooks, Lincenberg & Rhow, P.C.
14

15

16                                By:    */s/* Ariel A. Neuman
17                                          Ariel A. Neuman
                                  Attorneys for Defendants Pacific Eurotex
18                                Corp. and Morad Neman
19
    DATED:  March 24, 2015        United States Attorneys Office
20                                Julie J. Shemitz
21                                Jamie A. Lang
                                  Puneet V. Kakkar
22

23

24                                By:    */s/ (Per email authorization)*
25                                          Julie J. Shemitz
                                  Assistant United States Attorney
26

27                                Attorneys for Plaintiff United States of
                                  America
28

1  DATED:  March 24, 2015          Pamela Johnston
2                                  Jaime Guerrero
3                                  Foley & Lardner LLP

4

5                                  By:   _____/s/ (Per email authorization)_____
6                                            Pamela Johnston
7                                  Attorneys for Defendant Hersel Neman

8

9  DATED:  March 24, 2015          Michael J. Lightfoot
10                                 Stephen B. Sadowsky
                                   Lightfoot Steingard & Sadowsky LLP
11

12

13                                 By:   _____/s/ (Per email authorization)_____
14                                            Michael J. Lightfoot
                                   Attorneys for Defendant Mehran Khalili
15

16

17 DATED:  March __, 2015          Mark A. Byrne
                                   Byrne & Nixon LLP
18

19

20                                 By:   _____
21                                            Mark A. Byrne
                                   Attorneys for Defendant Alma Villalobos
22

23

24

25

26

27

28

DATED: March __, 2015

Pamela Johnston
Jaime Guerrero
Foley & Lardner LLP


By: _____
Pamela Johnston
Attorneys for Defendant Hersel Neman


DATED: March __, 2015

Michael J. Lightfoot
Stephen B. Sadowsky
Lightfoot Steingard & Sadowsky LLP


By: _____
Michael J. Lightfoot
Attorneys for Defendant Mehran Khalili


DATED: March 24, 2015

Mark A. Byrne
Byrne & Nixon LLP


By: _____
Mark A. Byrne
Attorneys for Defendant Alma Villalobos