STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
JULIE J. SHEMITZ (Cal. Bar No. 224093)
JAMIE A. LANG (Cal. Bar No. 253769)
Assistant United States Attorneys
Organized Crime Drug Enforcement Task Force Section
PUNEET V. KAKKAR (Cal. Bar No. 259816)
Assistant United States Attorney
General Crimes Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-5725/2652/3152
     Facsimile: (213) 894-0142/0141
     E-mail:    julie.shemitz@usdoj.gov
                jamie.lang@usdoj.gov
                puneet.kakkar@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 14-521-JAK |
|---|---|
| Plaintiff, | STIPULATION RE: ORDER FOR PROTECTIVE ORDER LIMITING DISCLOSURE OF PERSONAL IDENTIFYING INFORMATION |
| v. | |
| PACIFIC EUROTEX, ET AL., | |
| Defendants. | |

The government, by and through its attorney of record, the United States Attorney's Office for the Central District of California and Assistant United States Attorneys Julie J. Shemitz, Jamie A. Lang, and Puneet Kakkar, and defendants Pacific Eurotex Corp., Morad Neman, Hersel Neman, Mehran Khalili, and Alma Villalobos, by and through their respective counsel of record, hereby stipulate, agree, and request that the Court enter a Protective Order in this case.

The bases for this stipulation and request are the following:

1. On September 9, 2014, a grand jury for the Central District of California returned an indictment charging Pacific Eurotex Corporation, Inc. ("Pacific Eurotex"), Morad Neman, Hersel Neman, Mehran Khalili, and Alma Villalobos with conspiracy to launder monetary instruments in violation of Title 18, United States Code, Section 1956(h); conspiracy to structure monetary transactions in violation of Title 31, United States Code, Sections 5313 and 5324(a); conspiracy to avoid filing currency transaction reports in violation of Title 31, United States Code, Sections 5331 and 5324(b); and related substantive charges.

2. The government has received and would like to provide defendants with certain discovery, including but not limited to toll records of the confidential informant ("CI") and tax records for defendant Pacific Eurotex. These documents contain or are likely to contain personal identifying information ("PII") for others, including but not limited to names, telephone numbers, addresses, social security numbers, and dates of birth, including for employees of Pacific Eurotex. To redact this information by hand would be prohibitively time consuming, and also could potentially prevent defense counsel from getting a realistic view of the materials.

3. Therefore, to serve the government's interest in protecting the identity, privacy, and personal identifying information of third parties, but also to serve and protect defendants' right to review these materials effectively, the parties have stipulated to the entry of a protective order for discovery in this case limiting the dissemination and use by any person, including defendants, of materials provided by the government.

The parties hereby stipulate that the Court issue a Protective Order that mandates the following:

A. For purposes of this Order, the term "defense team" refers to counsel of record for defendants and any other defense attorneys, defense investigators, retained experts or potential experts, paralegal and legal assistants, who provide assistance on this case, have read the Protective Order, and agreed to be bound by its terms. The "defense team," for purposes of this Order, includes defendants, subject to the restrictions set forth below in subparagraph (K).

B. The government shall identify by bates number all materials to be provided to the defense by the United States Attorney's Office for the Central District of California ("USAO") in the instant criminal case that are subject to this Protective Order, as well as mark any such materials "SUBJECT TO PROTECTIVE ORDER FOR PII" ("materials designated subject to the protective order"). Any party objecting to such designation may do so by application to the Court upon duly noticed motion, following meeting and conferring with the government regarding the objection.

C. Upon receipt of materials designated subject to the protective order, counsel of record will ensure that every member of the defense team who is provided access to such materials first has reviewed the terms of the Protective Order and has agreed to be bound by its terms.

D. The defense team shall not permit anyone who is not a member of the defense team to retain in his possession any materials designated subject to the protective order.

E. The defense team may review the materials designated subject to the protective order with a witness or potential witness

3

in this case, including defendants.[1] Before being shown any portion of the materials, however, any witness or potential witness must be informed of, and agree to be bound by, the requirements of the Protective Order. No witness or potential witness may retain the materials designated subject to the protective order, or any copy thereof, after his or her review of those materials with the defense team is complete.

F. The defense team shall maintain materials designated subject to the protective order in a secure and safe area, and shall exercise reasonable care in ensuring the confidentiality of the sensitive private information.

G. To the extent that any notes memorialize any PII contained within any materials designated subject to the protective order, or to the extent that copies of any materials designated subject to the protective order are made for authorized use by members of the defense team, such notes, copies, or reproductions become materials subject to the protective order and must be handled in accordance with the terms of this agreement.

H. In the event that a party needs to file materials designated subject to the protective order with the court or divulge the contents of such materials in court filings, the filing should be made under seal, unless the party is able to redact the personal identifying information from the materials, in which case the filing will not need to be under seal.

---

[1] To the extent material provided pursuant to this protective order is also produced pursuant to the protective order entered by the Court on October 23, 2014 regarding CI discovery, i.e., the material contains information that could lead to the disclosure of the identity of the CI, and the terms of the CI protective order conflict with the terms of this protective order, namely, with respect to the limits placed on the sharing of such information, the terms of the CI protective order shall control.

I.  The defense team shall use materials designated subject to the protective order only for the preparation and litigation of this matter, and for no other purpose.  Litigation of this matter includes any appeal filed by defendants, and any motion filed by the defendants pursuant to 28 U.S.C. § 2255.  Upon the final disposition of this case, any materials designated subject to the protective order shall not be used, in any way, in any other matter, absent a court order.  All materials designated subject to the protective order maintained in the defense teams' files shall remain subject to the protective order unless and until such order is modified by court order.  Upon the conclusion of appellate and post-conviction proceedings, each respective defense team shall return the discovery at that time or certify that the discovery has been destroyed.

J.  In the event that there is a substitution of counsel prior to when such documents must be returned, new counsel must join this protective order before any materials designated subject to the protective order may be transferred from undersigned counsel to new counsel, who then will become the custodian of all materials designated subject to the protective order and who shall then become responsible for returning all materials designated subject to the protective order to the government upon the conclusion of appellate and post-conviction proceedings.

K.  Defendants may only access and review materials designated subject to the protective order only while they are in the presence of their respective defense teams.  Defendants may <u>not</u> retain in their possession, show anyone outside of the defense team, or in any way distribute or disseminate materials designated subject to the protective order or copies thereof.  Defendants may not access or

review materials subject to the protective order in the presence of anyone outside of their respective defense teams.

IT IS SO STIPULATED.

Dated:   March 25, 2015                Respectfully submitted,

                                       STEPHANIE YONEKURA
                                       Acting United States Attorney

                                       ROBERT E. DUGDALE
                                       Assistant United States Attorney
                                       Chief, Criminal Division


                                          /s/
                                       JULIE J. SHEMITZ
                                       JAMIE A. LANG
                                       PUNEET V. KAKKAR
                                       Assistant United States Attorneys
                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

Dated:   March 25, 2015                 /s/ per email authorization
                                       TERRY W. BIRD
                                       MITCHELL A. KAMIN
                                       ARIEL A. NEUMAN
                                       Attorneys for Defendants
                                       Pacific Eurotex Corp.
                                       Morad Neman


Dated:   March 25, 2015                  /s/ per email authorization
                                       PAMELA L. JOHNSTON
                                       JAIME GUERRERO
                                       Attorneys for Defendant
                                       Hersel Neman

Dated:   March 25, 2015                  /s/ per email authorization
                                       MICHAEL J. LIGHTFOOT
                                       STEPHEN B. SADOWSKY
                                       Attorneys for Defendant
                                       Mehran Khalili


Dated: March 25, 2015                    /s/ per email authorization
                                       MARK A. BYRNE
                                       Attorney for Defendant
                                       Alma Villalobos